# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 18, 2006 Session

## STATE OF TENNESSEE v. ALBERT R. NEESE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-C-2017     Monte Watkins, Judge**

_____

**No. M2005-00752-CCA-R3-CD - Filed December 15, 2006**

_____

DAVID H. WELLES, J., concurring and dissenting.

I concur in the results and most of the reasoning in the majority opinion. I disagree, however, with the opinion's conclusion that the trial court properly instructed the jury that the culpable mental state of recklessness would satisfy the unlawful sexual penetration element in the offense of child rape.

As noted in the majority opinion, the judges on this Court are not in total agreement on this issue. I recently stated my views on this issue in State v. Charles L. Williams, No. M2005-00836-CCA-R3-CD, 2006 WL 3431920 (Tenn. Crim. App., Nashville, Nov. 29, 2006). As the majority opinion herein acknowledges, the element of "unlawful sexual penetration," as contained in the offense of child rape, has been categorized as both a nature of conduct element and a result of conduct element. In my view, this means that in order to establish a defendant's culpability as a rapist, our law requires that the penetration be an intentional or knowing act. For this reason, I conclude that by instructing the jury that a mental culpable state of "reckless" would satisfy this element, the trial court impermissibly lowered the State's burden of proof. As such, I conclude that the Defendant did not receive a correct and complete charge of the law—an error that violated his constitutional right to a jury trial.

I acknowledge that the State generally will have little difficulty establishing to the satisfaction of a jury that a defendant acted intentionally or knowingly in penetrating a rape victim. In this case, the evidence presented was legally sufficient to support the child rape convictions, the prosecution argued only intentional penetration, and a defense of reckless penetration was never raised. It is clear to me that the jury instruction error neither misled the jury nor prejudicially affected the judgment or the judicial process. Accordingly, I have no hesitation in concluding that the error is harmless beyond a reasonable doubt. For this reason, I join in the results reached by the majority, and I agree that the judgments of conviction should be affirmed.

_____
DAVID H. WELLES, JUDGE